UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

RHONDA P. LEY, Regional
Director of the Third Region of	5:14-cv-775
the National Labor Relations	(GLS/DEP)
Board, for and on behalf of the
NATIONAL LABOR RELATIONS
BOARD,

                          Petitioner,

                v.

NOVELIS CORPORATION,

                          Respondent.

JOHN TESORIERO et al.,

                          Proposed Intervenors.

JASON MCDERMOTT et al.,

                          Proposed Intervenors.

_____

## SUMMARY ORDER

On June 25, 2014, petitioner Rhonda P. Ley, Regional Director of the

Third Region of the National Labor Relations Board, for and on behalf of

the National Labor Relations Board, filed a petition seeking temporary

injunctive relief pursuant to 29 U.S.C. § 160(j), also know as § 10(j) of the

National Labor Relations Act,[1] that includes, among other things, a bargaining order requiring respondent Novelis Corporation to "[r]ecognize and bargain in good faith with [the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC]," (hereinafter "the Union"). (*See generally* Pet., Dkt. No. 1.) Pending before the court is a motion to intervene filed by proposed intervenors John Tesoriero, Michael Malone, Richard Farrands, and Andrew Duschen (herinafter "anti-Union proposed intervenors"), all of whom are Novelis employees, invoking intervention of right, or, alternatively, permissive intervention under Rule 24,[2] (Dkt. No. 29), and the motion of proposed intervenors Jason McDermott, William Robinson, Stephen Wheeler, and Brian Wyman (hereinafter "pro-Union proposed intervenors"), all of whom are Novelis employees, similarly seeking to intervene, (Dkt. No. 51). For the reasons that follow, the motions are denied.

As relevant here, "the court *must* permit anyone to intervene who"

---

[1] *See* 29 U.S.C. §§ 151-169.

[2] While the table of contents and point heading in anti-Union proposed intervenors' memorandum of law identifies Rule 24(b)(1)(A) as the basis for its permissive intervention argument, it is plain from the body of their argument that they, in fact, raise Rule 24(b)(1)(B). (Dkt. No. 29, Attach. 1 at i, 14-15.)

2

makes a "timely motion" and "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2) (emphasis added). In other words, a motion to intervene of right "requires that the proposed intervenor '(1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action.'" *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) (quoting *In re Holocaust Victim Assets Litig.*, 225 F.3d 191, 197 (2d Cir. 2000)). On the other hand, "the court *may* permit anyone to intervene who" makes a "timely motion" and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B) (emphasis added). "In exercising its discretion, the court must consider whether the [permissive] intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3), and must consider other factors, including, among other things, "the degree to which those interests are adequately represented by other parties,"

*Citizens Against Casino Gambling in Erie Cnty. v. Hogen*, 704 F. Supp. 2d 269, 281 (W.D.N.Y. 2010) (internal quotation marks omitted), *aff'd* 417 F. App'x 49 (2d Cir. 2011).

A determination on timeliness resides within the court's sound discretion and requires it to consider the following four factors: "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994).

Turning to the merits, it is noted that Ley opposes anti-Union proposed intervenors' motion, claiming that they "do not have an interest in this proceeding," nor do they "have a claim or defense which warrants permissive intervention," (Dkt. No. 49, Attach. 1 at 1-5), while Novelis offers no opposition, (Dkt. No. 48). Novelis similarly takes no issue with pro-Union proposed intervenors' motion, (Dkt. No. 53); Ley opposes the motion "for the same reasons articulated in its" response to anti-Union proposed intervenors' motion, (Dkt. No. 57).

Ley's primary argument against anti-Union proposed intervenors'

motion is that, because the petition seeks to enjoin Novelis, and not individual employees, from committing unfair labor practices or to have individual employees bargain with the Union, they are without any interest in this litigation. (Dkt. No. 49, Attach. 1 at 1-2.) At most, contends Ley, proposed intervenors have a "general interest," which is not sufficient to sustain intervention of right. (*Id.* at 2-3.) Even if the court finds that proposed intervenors have a sufficient interest in the case, Ley asserts that Novelis' interests "are clearly aligned and coextensive with the individual employees' desire to have their employment be union free." (*Id.* at 3.) As for permissive intervention, Ley reiterates that, to the extent that proposed intervenors have any interest, it is adequately represented by Novelis. (*Id.* at 4-5.)

Whether or not the pending motions to intervene were timely filed,[3] they are denied because the named parties will adequately represent the interests of the proposed intervenors. As for intervention of right, while the

---

[3] The court notes that, while it is inclined to find anti-Union proposed intervenors' motion as timely, it is not so inclined with respect to pro-Union proposed intervenors. The latter proposed intervenors, who are notably represented by the same law firm that formerly represented the Union itself when it moved for amicus curiae status, (Dkt. No. 8), argue that they filed their motion soon after learning about commencement of the action and the denial of the Union's motion. This assertion seems somewhat disingenuous, but, because the motion to intervene is denied for other reasons, it is of no moment.

5

burden of demonstrating inadequacy of representation is "minimal," "where the putative intervenor and a named party have the same ultimate objective," a more rigorous showing of inadequacy must be made. *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001). Indeed, "[w]here there is an identity of interest," the proposed intervenor "must rebut the presumption of adequate representation by the party already in the action" by a showing of, among other things, "collusion, adversity of interest, nonfeasance, or incompetence." *Id.* at 179-80. Similarly, the court is free to consider whether to permit intervention, in its discretion, based upon whether the parties will adequately represent the interest of a proposed intervenor. *See Hogen*, 704 F. Supp. 2d at 281.

Despite their protestations of the contrary, (Dkt. No. 29, Attach. 1 at 10-14; Dkt. No. 51, Attach. 1 at 11-12), the interests of proposed intervenors are adequately represented by the named parties to this action. Both groups recognize the overlap with their positions and those of either Novelis or Ley, but nonetheless they argue that their interests are not identical to those of a party and would not be adequately represented. (Dkt. No. 29, Attach. 1 at 10-14; Dkt. No. 51, Attach. 1 at 11-12.) It is quite plain, however, that the ultimate objectives of anti-Union proposed

6

intervenors and Novelis, and pro-Union proposed intervenors and Ley, are the same on the issue of the utmost importance to everyone involved, whether or not a bargaining order should issue.  Accordingly, neither group has satisfied a necessary element for intervention and both motions are denied.

Now that the motions to intervene have been resolved, the court directs the parties to advise it within two (2) days of the date of this Summary Order whether or not they still seek the court's approval of their joint proposed stipulation, (Dkt. No. 38), and what, if any, issues—other than the ultimate question under § 10(j)—are still outstanding.  For example, the parties should advise the court what, if any, further rulings are necessary on Ley's motion to determine the petition on the basis of affidavits and documentary evidence subject to a protective order, (Dkt. No. 2), and Ley's motion for a protective order limiting discovery, (Dkt. No. 23).[4]

Accordingly, it is hereby

**ORDERED** that the motion to intervene of John Tesoriero, Michael Malone, Richard Farrands, and Andrew Duschen (Dkt. No. 29) is **DENIED**;

---

[4] The court is mindful of the parties' latest filings, (Dkt. Nos. 54, 55, 56), and it intends to rule on them after all other outstanding issues are resolved.  The court will thereafter set a return on the petition.

and it is further

**ORDERED** that the motion to intervene of Jason McDermott, William Robinson, Stephen Wheeler, and Brian Wyman (Dkt. No. 51) is **DENIED**; and it is further

**ORDERED** that the parties shall advise the court, within two (2) days of the date of this Summary Order, whether or not they still seek the court's approval of their joint proposed stipulation, and what, if any, further rulings are necessary on, among other things, Ley's motion to determine the petition on the basis of affidavits and documentary evidence subject to a protective order, (Dkt. No. 2), and Ley's motion for a protective order limiting discovery, (Dkt. No. 23); and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

July 29, 2014
Albany, New York

*/s/ Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court